IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.	Case No. 24-CR-946 KG

GONZALO BUSTILLOS-PEREA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Motion in Limine to Exclude Evidence, filed on November 29, 2024. (Doc. 46). Defendant did not respond to the Motion. Having reviewed the brief and applicable law, the Court grants the Motion.

### I. Background

Defendant is charged with Illegal Reentry after Deportation, in violation of 8 U.S.C. § 1326. The United States alleges Defendant was previously deported multiple times including on or about April 19, 2023. Defendant admitted he was a citizen of Mexico illegally present in the United States. Defendant did not have express permission from the Department of Homeland Security to enter the country.

Trial is set for December 17, 2024. The United States seeks to exclude Defendant mentioning or putting forth, in any manner, any claim that:

1. He was not aware he entered the United States illegally;
2. He was under the mistaken belief that he was authorized to enter the United States;
3. He was not aware of his prior deportation when he entered the United States; or
4. He returned for a specific reason.

*II.     Analysis*

The United States argues evidence about Defendant's intent or state of mind is irrelevant. The Court agrees. Relevant evidence is evidence which has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402.

To prove a violation of 8 U.S.C. § 1326, the government must show: (1) the defendant was an alien at the time alleged in the indictment; (2) the defendant had previously been denied admission, excluded, deported, or removed from the United States; and (4) the defendant had not received the consent of the proper legal authority to reapply for admission to the United States. Tenth Circuit Pattern Jury Instruction 2.05 (2011) (Updated February 2018).

To prove the intent requirement, the Government need only prove "the intent to do the act of entering the country." *United States v. Hernandez-Hernandez*, 519 F. 3d 1236, 1239 (10th Cir. 2008). "No intent to break the law—whether characterized as 'specific intent' or 'general criminal intent'—must be proved." *Id.* The Tenth Circuit has long held "that to secure a conviction under Section 1326's 'found in' provision, the Government must prove the defendant acted only with the 'intent to do the act of entering the country.'" *Unites States v. Sierra-Ledesma*, 645 F. 3d 1213, 1221 (10th Cir. 2011) (internal citation omitted). Therefore, state of mind is not considered in proving a § 1326 violation. Thus, the Court concludes evidence about Defendant's state of mind is not relevant or material, and inadmissible at trial.

All evidence, proffers, or statements that Defendant made or intends to make relating to his motives, beliefs about deportation, or reasons for returning are not relevant to the

determination of his guilt and the Court will exclude this evidence at trial under Fed. R. Evid. 401 and 402.

For the reasons stated above, the Motion is granted.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE